## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

**GOLDIE PAGE,**             )
                          )
         Plaintiff,     )
                          )
**v.**                      )   **<u>OPINION AND ORDER</u>**
                          )   Case No. 7:23cv00175
**MRS. MOREHEAD, et al.,** )
         Defendants.  )   By:  Pamela Meade Sargent
                          )   United States Magistrate Judge
                          )

In this prisoner civil rights action pursuant to 42 U.S.C. § 1983, the pro se prisoner plaintiff, Goldie Page, has attempted to join together in one case two claims that sue different defendants and do not arise from the same series of events or transactions, in contravention of Rules 18 and 20 of the Federal Rules of Civil Procedure.  Therefore, the court will sever Page's claims into two separate civil actions and require her to consent to pay additional filing costs if she intends to proceed with both claims.

Liberally construed, Page's alleged claims in the present pleading are as follows:

1. On February 15, 2023, defendants Cochran, Dalton, Smith, Morehead, Fender, and Traener failed to provide Page access to a telephone to call her attorney about an impending court proceeding; and

2. On March 22, 2023, defendant Morehead was upset about grievances Page had filed about her, so Morehead placed an unknown substance in Page's drink that caused an allergic reaction requiring medical care.

(Docket Item No. 1 at 1-2.)  As relief, Page seeks monetary damages.[1]

The Complaint is not consistent with Rules 18 and 20, regarding the permissible joinder of claims and parties in one federal civil action.  Rule 18(a) *only* allows a plaintiff to join "as many claims as it has against an [one] opposing party" (emphasis added).  On the other hand, Rule 20 allows the joinder of several parties *only* if the claims arose out of the same transaction or occurrence or series thereof *and* contain a question of fact or law common to *all* the defendants. *See* FED. R. CIV. P. 20.  Thus, if the claims arise out of different transactions and do not involve all defendants, joinder of the claims in one lawsuit should not be allowed.

Under these rules, "a plaintiff may name more than one defendant in a multiple claim lawsuit only if the claims against all defendants arose out of the same incident or incidents and involve a common factual or legal question." *Green v. Denning*, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009).  These procedural rules apply with equal force to *pro se* prisoner cases.  Indeed, "[r]equiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s].'" *Green*, 2009 WL 484457, at *2 (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

In addition, to allow Page to pay one filing fee, yet join disparate legal claims against multiple parties, concerning multiple different events and factual and legal issues, flies in the face of the letter and spirit of the Prison Litigation Reform Act (PLRA).  PLRA restrictions on prisoner-filed civil actions include: requiring full payment of the filing fee for any civil action or appeal submitted by a prisoner — through prepayment or through partial payments withheld from the inmate's trust

---

[1] Page also asks that Morehead be fired.  She is advised that this action is not a form of relief available under § 1983.

account; authorization of court review and summary disposition of any claim or action that is frivolous or malicious, fails to state a valid claim upon which relief can be granted or seeks relief against persons immune from such relief; and a "three strike" provision, which prevents a prisoner from proceeding without prepayment of the filing fee if the prisoner's litigation in federal court includes three or more cases dismissed as frivolous, malicious or as stating no claim for relief. *See gen.* 28 U.S.C. §§ 1915(b), (e), and (g), and 1915A.  "Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims." *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).  Requiring compliance with the joinder rules "prevents prisoners from 'dodging' the fee obligation and '3-strikes' provision of the PLRA." *Green*, 2009 WL 484457, at *2.  To allow plaintiff to essentially package several lawsuits into one complaint would undercut the PLRA's three-strikes provision and its filing fee requirement.[2]

Where there is misjoinder of parties or claims, the Federal Rules authorize the court, on its own initiative at any stage of the litigation, a court has the discretion to "sever any claim against a party" and proceed with it separately.  Fed. R. Civ. P. 21; *Spencer, White & Prentis, Inc. of Conn. v. Pfizer, Inc.*, 498 F.2d 358, 361 (2d Cir. 1974) ("[J]ustification for severance is not confined to misjoinder of parties.").  Thus, the court has inherent power to control its docket and the disposition of its cases with "economy of time and effort" for the court and the parties.  *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258,

---

[2] *See also Green*, 2009 WL 484457, at *3 ("To permit plaintiff to proceed in this single action on unrelated claims against different defendants that should be litigated in separate action(s) would allow him to avoid paying the filing fees required for separate actions, and could also allow him to circumvent the three strikes provision for any new and unrelated claims that might be found to be [a] "strike" under 28 U.S.C. § 1915(g).")

1260 (9th Cir. 1992). Use of Rule 21 has been approved by circuit courts in the context of initial review of prisoner complaints, with and without misjoinder. *See Daker v. Head*, 730 F. App'x 765, 768 (11th Cir. 2018) (explaining that district court should have severed unrelated claims under Rule 21 and sua sponte dismissed improper defendants rather than dismissing prisoner's amended complaint); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (holding that district court should have severed case into separate actions or dismissed improperly joined defendants).

As stated, Page's Complaint may not proceed as it is presently constituted, because it improperly joins together multiple claims that will make a joint disposition or trial unwieldy and inefficient for the parties and the court. This pleading is actually two separate lawsuits bundled into one omnibus Complaint. Generally stated, the pleading attempts to bring one lawsuit about denial of access to counsel and a separate case about alleged deliberate indifference to hazardous conditions. Accordingly, the court will sever Page's Complaint into two separate lawsuits. Claim 1 will remain in this case against all of the defendants and Claim 2 will be docketed as a new and separate civil action against only defendant Morehead. The new case will then be conditionally filed under a new case number, and Page will receive an order requiring her to consent to a filing fee for that case. *Any further filings about Claim 2 must be filed in the case number assigned to the new civil action in which that claim is to be considered.*

This Opinion does not address the possible merit of any of Page's claims, and it does not deprive her of the right to litigate any of those claims. She simply may not litigate all of her unrelated claims against multiple defendants in this single lawsuit, while being held accountable for only one filing fee. If Page chooses to proceed with the severed claim in the new, separate lawsuit, she will be required to consent to payment of a filing fee in that lawsuit, as she has done in this case. If she does not wish to proceed with two lawsuits, she may decline to consent to pay the

filing fee for the new lawsuit and continue only with this lawsuit. She may also file a motion to voluntarily dismiss this lawsuit and/or the severed lawsuit without prejudice to refiling his claims at some future date, subject to the applicable period of limitations, the joinder rules, and the PLRA.

III.

In accordance with this Opinion, it is **ORDERED** as follows:

1.  Claim 1 as described above is hereby **SEVERED** from the remaining claim in the Complaint;

2.  The present case, No. 7:23cv00175, **SHALL** now include only Claim 1, concerning the defendants' actions in failing to provide Page access to a telephone to call her attorney about an impending court proceeding. If Page does not wish to pursue this claim, she may move for voluntary dismissal within 21 days from the date of the entry of this Order;

3.  Claim 2 of the Complaint, alleging that defendant Morehead was deliberately indifferent to a hazardous condition, is hereby **SEVERED** into a separate new civil action. In this new case, the Clerk will docket (a) a copy of the Complaint, with a copy of this Order as an attachment, and (b) Page's financial information from this case, (Docket Item No. 2). In the docket text for the new case, the Clerk shall indicate that only Claim 2 of the Complaint will be considered in that instant case and shall identify the defendant to that claim as Mrs. Morehead; and

4.  In the new case, the court will issue a conditional filing order requiring Page (if she intends to go forward with the claim in that case) to consent

to collection of an initial payment of $0.00 and, over time as funds are available, collection of the remainder of the $350 filing fee for that case. FAILURE TO RETURN AN EXECUTED CONSENT FORM IN THE NEW CASE WITHIN THE ALLOTTED TIME WILL RESULT IN DISMISSAL OF THAT CASE WITHOUT PREJUDICE.

The Clerk will mail Page a copy of this Opinion and Order.

ENTERED:     July 5, 2023.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE