# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **GOLDIE PAGE**, | ) |
| | ) |
| Plaintiff, | ) Case No. 7:23CV00175 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| **MRS. MOREHEAD, ET AL.**, | ) JUDGE JAMES P. JONES |
| | ) |
| Defendants. | ) |
| | ) |

*Goldie Page, Pro Se Plaintiff.*

The plaintiff, Goldie Page, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Page alleges that the defendant jail officials did not allow her to call her attorney after the attorney had asked her to do so. Upon review of the Amended Complaint, I conclude that the action must be summarily dismissed for failure to state a claim upon which relief could be granted.

I.

When Page filed this action, she was confined at the New River Valley Regional Jail in Dublin, Virginia. In her Amended Complaint, Page alleges the following:

> On Feb[ruary] 15, 2023, Officer Cochran brought [Page] Drug Court pappers [sic] with a note asking [Page] to call [her] lawyer. [Page] told [Cochran she] did not have phone privileges an[d] that [she]

> needed to use the white phone.  [Jail Superintendent]¹ Haug told him he did not have to take [Page] to use the phone an[d] she told Officer Dalton that if [Page] was calt [sic] calling [her] lawyer on another inmate[']s pin to charge [her].  They said they would turn on [Page's] pin which they did not.  [Page] was taken to Booking at 2 a.m.  Keep asking to use the phone.  Finder and Trainer would not let [Page] call [her] lawyer.  Finder started laughing an[d] told the transport officer that [Page] was beeting [sic] all morning wanting to call [her] lawyer.

Am. Compl. 4, ECF No. 29.  Page sues Haug, Cochran, Dalton, Finder, and Trainer, seeking money damages.²

II.

Under 28 U.S.C. § 1915A(a), (b), the court may summarily dismiss "a complaint in a civil action in which a prisoner seeks redress from . . . [an] officer or employee of a governmental entity" where the court finds that "the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated her constitutional rights.  *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

Under the Federal Rules of Civil Procedure, a viable complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

---

¹ Other submissions in the record indicate that defendant Haug was superintendent of the jail in February 2023.

² Several other defendants were terminated from this action after Page filed an Amended Complaint, namely Morehead, Smith, Cochrane, Fender, and Traener.

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Federal courts have an obligation to construe pro se pleadings liberally. Liberally construed, Page alleges that the defendants violated her constitutional rights by failing to provide her access to a telephone after her attorney asked her to call.

Inmates have a constitutional right to meaningful access to the courts, and persons acting under the color of state law may not abridge, impair, or impermissibly burden an inmate's ability to exercise this right to access. *Talbert v. Jabe*, No. 7:07-CV-00450, 2007 WL 3339314, at *6 (W.D. Va. Nov. 8, 2007). At the same time, "prisoners do not have a right to any particular means of access, including unlimited telephone use." *Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992). "[I]t is well settled that some showing of prejudice is a necessary element of a Sixth Amendment claim based on an invasion of the attorney-client relationship." *Deegan v. Rudman*, No. 3:10-CV-00016, 2011 WL 251226, at *3 (W.D. Va. Jan. 26, 2011). Mere denial of telephone contact with counsel is not sufficient support for a constitutional claim where the detainee does not indicate an inability to communicate with counsel in

---

[3] I have omitted internal quotation marks, alterations, and citations here and throughout this Opinion, unless otherwise noted.

other ways, through letters or personal visits, and where the detainee does not demonstrate any injury to her defense from being unable to telephone counsel.

Even taking as true Page's allegations that the defendants failed to provide her with telephone access on one occasion when counsel asked Page to call, such allegations alone do not support a claim that their actions violated Page's constitutional rights. Page does not indicate that she had no other means to communicate with counsel about her criminal defense. Indeed, her claim itself opens with delivery of paperwork from counsel to Page at the jail. Page also does not indicate that she was unable to communicate adequately with counsel through letters or through in-person consultation at the jail or at the courthouse before or after court proceedings. Most importantly, Page does not state facts showing that the defendants' failure to allow her telephone contact with her attorney on February 15 or 16, 2023, caused any adverse effect on her ability to litigate her defense to the charges against her.

For the reasons stated, I will summarily dismiss this action pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief could be granted.

A separate Final Order will be entered herewith.

DATED: November 17, 2023

/s/  JAMES P. JONES
Senior United States District Judge